

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/9/08

U.S. Department of Justice

United States Attorney
Southern District of New York

86 Chambers Street, 3rd Floor
New York, New York 10007

*docket as Motion to dismiss*

January 8, 2008

**BY FACSIMILE (212) 805-6326**

The Honorable Colleen McMahon
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re: **Rissman v. U.S. Dep't of Labor**,
        07 Civ. 1010 (CM)

Dear Judge McMahon:

    This Office represents defendant United States Department of Labor ("DOL") and the DOL's Office of Workers' Compensation Programs ("OWCP") (collectively, the "Government") in the above-referenced action regarding plaintiff's workers' compensation benefits. The Court has scheduled a conference for Wednesday, January 9, 2008 at 11 a.m. regarding plaintiff's January 4, 2008 application for an Order to Show Cause for Preliminary Injunction and Temporary Restraining Order (the "TRO Application"). I am the Assistant United States Attorney ("AUSA") who will be appearing on behalf of the Government at the conference because the AUSA assigned to the matter, Daniel Filor, is out of the state this week on another case. I respectfully submit this letter for purposes of providing the Court with background in advance of the January 9 conference and in opposition to the TRO Application.

### BACKGROUND

    In his complaint, plaintiff Garry Rissman alleges that his rights have been violated by the Government's scheduling of a "referee's medical exam" for purposes of determining whether he is entitled to a continuation of his workers' compensation benefits. See Complaint at ¶¶ 1-2 and "Request for Relief". According to the complaint, plaintiff was working as a security screener for the Transportation Security Administration when he suffered a work-related injury on July 27, 2004, and he has been receiving workers' compensation benefits since September 2004. See Complaint ¶ 17. Plaintiff has undergone medical exams by his own doctor and by a doctor retained by the Government to provide a "second opinion examination" regarding whether his disability

is continuing. Id. at ¶ 1. Plaintiff alleges that OWCP has incorrectly determined that there is a conflict between the opinions rendered pursuant to these exams and challenges the Government's requirement that he attend a third exam to resolve the conflict. Id. at ¶ 2. The complaint seeks, inter alia, (a) to restrain the Government from requiring that plaintiff report for a referee's medical exam and (b) to require that the Government deem his disability to be continuing for workers' compensation purposes based on the two existing medical opinions.

Plaintiff, who is proceeding pro se, apparently filed his most recent TRO Application late in the day on Friday, January 4, 2008.[1] In a notice to plaintiff from DOL, attached as Exhibit 1 to the TRO Application, plaintiff had been notified that, pursuant to DOL's authority under 5 U.S.C. § 8123(a), he had been scheduled for a medical exam by Dr. Paul Post on Monday, January 7, 2008 at 1:30 p.m. The notice was dated December 12, 2007 (i.e., more than three weeks before plaintiff filed the TRO Application). In the event plaintiff was unavoidably prevented from keeping his appointment, the notice instructed him to notify OWCP immediately. The notice also informed plaintiff that his workers' compensation benefits were subject to suspension pursuant to 5 U.S.C. § 8123(d) if he failed to attend the examination and was unable to establish good cause for that failure.

---

[1] Plaintiff has sought a temporary restraining order to avoid undergoing a proposed referee's medical exam on two prior occasions. Specifically, in 2006, in an action before Judge Sweet, Rissman v. U.S. Dept. of Labor, 06 Civ. 10202(RWS), plaintiff claimed, and sought a temporary restraining order, that he should not be required to attend such an exam on the ground that the second medical opinion he had received was flawed. That complaint was dismissed pursuant to a stipulation between the parties that OWCP would schedule a new second opinion examination. Subsequently, plaintiff filed the instant action, and, in February 2007, moved by order to show cause that he not be required to attend a referee's exam. The parties again entered into an agreement in an effort to resolve this matter, stipulating on two separate occasions to put this matter on the Court's suspense calendar while plaintiff pursued other avenues of administrative relief (i.e., disability benefits pursuant to the Social Security Act). In the most recent of these stipulations, entered as an order by the Court on May 1, 2007, it was made explicit, however, that "[n]othing in this stipulation and order shall be deemed to affect the operations of [OWCP] in its handling of Plaintiff's workers' compensation claim, File No. 022056956." The Government's response to the complaint is currently due on January 15, 2008.

2

In his TRO Application, plaintiff sought to enjoin the Government from requiring plaintiff to appear for the medical exam on January 7, 2008 at 1:30 p.m. The TRO Application also seeks to restrain the Government from scheduling any other referee medical exam for him before February 19, 2008 – the date he believes that "alternative administrative relief" from the Social Security Administration will be finalized (presumably, in the form of a ruling that he is entitled to disability benefits under Title II of the Social Security Act).

**ARGUMENT**

This Court should deny plaintiff's TRO Application. A preliminary injunction "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 1867 (1997) (per curiam) (citation omitted)(emphasis in original). A movant must establish (i) that he is likely to suffer irreparable injury if the injunction is not granted, and (ii) when the movant seeks to stay governmental action taken in the public interest pursuant to a statutory or regulatory scheme, a likelihood of success on the merits. See Conn. Dep't of Envtl. Prot. v. Occupational Safety & Health Admin., 356 F.3d 226, 230 (2d Cir. 2004).

As a threshold matter, plaintiff has no likelihood of success on the merits because the Court lacks jurisdiction over his claims under the governing statutory scheme. The Federal Employees' Compensation Act, 5 U.S.C. § 8101 et seq. ("FECA"), establishes a comprehensive and exclusive workers' compensation scheme for federal employees. FECA provides that "[t]he United States shall pay compensation for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty. . ." 5 U.S.C. § 8102(a). Central to the FECA statutory scheme is the role of the Secretary of Labor (the "Secretary"), who has the authority to administer and to decide all questions arising under FECA. See 5 U.S.C. § 8145. FECA further authorizes the Secretary to prescribe rules and regulations necessary for the administration and enforcement of the Act. The Secretary has delegated the authority provided by 5 U.S.C. §§ 8145 and 8149 to the Director of the OWCP, who is responsible for the administration and implementation of FECA.

FECA also provides that the Secretary may order a claimant to undergo medical examinations, "as frequently and at the times and places as may be reasonably required." 5 U.S.C. § 8123(a). The OWCP, by statute and regulation, has designated two types of examinations: a second opinion medical examination to which plaintiff is allowed to bring a physician of his choosing to be present, see 5 U.S.C. § 8123(a); 20 C.F.R. § 10.320, and a referee medical examination, to be conducted by an independent

3

examiner to resolve conflicts between medical opinions, see 5 U.S.C. § 8123(a); 20 C.F.R. § 10.321.

In the event that OWCP believes that a claimant who has been receiving periodic ongoing compensation is no longer totally disabled (for example if the medical evidence of record establishes that claimant is able to return to work), OWCP will provide the claimant notice of the proposed termination (or reduction of compensation) as well as an opportunity to respond to OWCP's proposed action. See 20 C.F.R. § 10.540. A claimant who disagrees with OWCP's final claims determination has several avenues for administrative review under the FECA system. From the date of the decision, the claimant may: (1) within 30 days, request a hearing before an OWCP hearing representative or request that such representative review the written record, see 5 U.S.C. § 8124; 20 C.F.R. § 10.616; (2) within one year, request reconsideration, see 5 U.S.C. § 8128; 20 C.F.R. § 10.606; 20 C.F.R. § 10.607; or (3) within one year, file an appeal with the Employees' Compensation Appeals Board ("ECAB"), see 20 C.F.R. § 10.625 and § 501.3(d).

Although numerous levels of administrative review are provided under FECA, Congress has specifically foreclosed any judicial review of the Secretary of Labor's determinations regarding workers' compensation benefits. In that regard, 5 U.S.C. § 8128(b) ("section 8128(b)") explicitly provides in pertinent part:

> The action of the Secretary or her designee in allowing or denying a payment under this subchapter is - (1) final and conclusive for all purposes and with respect to all questions of law and fact; and, (2) not subject to review by another official of the United States or by a Court by mandamus or otherwise.

5 U.S.C. § 8128(b).

The Supreme Court has singled out section 8128(b) as a model preclusion-of-review statute, noting that Congress uses such "unambiguous and comprehensive language" as found in that statute "when [it] intends to bar judicial review altogether." Lindahl v. Office of Personnel Management, 470 U.S. 768, 780 n.13, 105 S. Ct. 1620, 1627 n.13 (1985); see also Southwest Maritime, Inc. v. Gizoni, 502 U.S. 81, 90, 112 S. Ct. 486, 493 (1991) ("FECA contains an 'unambiguous and comprehensive' provision barring any judicial review of the Secretary's determination of FECA coverage") (citing Lindahl).

Giving effect to the plain meaning of section 8128(b), courts, including this one, have repeatedly and uniformly

4

recognized that the Secretary's decisions on benefit determinations pursuant to FECA are not ordinarily subject to judicial review. See, e.g., Senerchia v. United States, 235 F.3d 129 (2d Cir. 2000); Hightower v. United States, 205 F. Supp. 2d 146 (S.D.N.Y. 2002)(McMahon, J.); Czerkies v. U.S. Dep't of Labor, 73 F.3d 1435, 1438 (7th Cir. 1996); Woodruff v. U.S. Dep't of Labor, 954 F.2d 634, reh'g en banc denied, 961 F.2d 224 (11th Cir. 1992); Owens v. Brock, 860 F.2d 1363 (6th Cir. 1988); Paluca v. Secretary of Labor, 813 F.2d 524, 526 (1st Cir. 1987); Grijalva v. United States, 781 F.2d 472 (5th Cir. 1986); Rodriques v. Donovan, 769 F.2d 1344 (9th Cir. 1985).

A limited exception to section 8128(b) allows judicial review of a claim that the Government's action violated the Constitution.[2] In Czerkies, however, the Seventh Circuit made clear that, although section 8128(b) does not foreclose review of a substantial constitutional claim involving FECA, such review does not extend to claims where the Constitution is used as a "rhetorical cover" for a "garden variety" dispute over benefits. 73 F.3d at 1442-43. Similarly, other courts have strictly limited the exception to FECA's jurisdictional bar to substantial

---

[2]   Some courts have also recognized a second narrow exception to 5 U.S.C. § 8128(b) to consider allegations of a violation of a clear statutory mandate, see Hanauer v. Reich, 82 F.3d 1304 (4th Cir. 1996), but the Second Circuit has not formally addressed this issue, see Senerchia, 235 F.3d at 131; Avedis v. Herman, 25 F. Supp. 2d 256, 261-62 (S.D.N.Y. 1998).

In Avedis, the district court exercised jurisdiction based on an alleged violation of a clear statutory mandate when DOL failed to provide for a referee doctor examination, but granted summary judgment against the plaintiff, finding that there was no clear statutory mandate for the DOL Secretary to refer an employee to an additional medical examination because a medical opinion in some way disputes some of the Government's second opinion. Id. at 264-65. The Court explained that to find such a clear statutory mandate "is inconsistent with the FECA's broader statutory administrative scheme for the payment of compensation without courts' involvement," and "[t]he Secretary's procedures for weighing medical evidence embodies a policy choice associated with disability decisions which [w]as entirely within her discretion to make." Id. In contrast to Avedis, there are no factual allegations in the instant case that any clear statutory mandate was violated; indeed, unlike in Avedis, OWCP had scheduled a referee examination in accordance with the governing statutory and regulatory scheme. Further, unlike in Avedis, plaintiff here has not had his benefits terminated.

5

constitutional claims. See Rodriques, 769 F.2d at 1348; Paluca, 813 F.2d at 526-27. Furthermore, the Ninth Circuit has held that this includes challenges to those procedures used in order to reach such decisions, and that merely "sprinkling" the complaint with constitutional references, as plaintiff has done here, see Complaint at p. 6 (referring to unspecified "due process" violations), is not sufficient to avoid FECA's preclusion of review. Markham v. United States, 434 F.3d 1185, 1187-88 (9th Cir. 2006).

It also bears noting that plaintiff's request that the Court enjoin the Government from requiring that he attend a referee's medical exam on January 7, 2008 is now moot; the date for the medical exam has now passed and plaintiff is subject to whatever consequences may flow from his failure to attend that exam. See 5 U.S.C. § 8123(d). In that regard, as indicated in the notice of the exam, Ex. 1 to the TRO Application, plaintiff will be afforded an opportunity to establish good cause for his failure to attend. In the event that OWCP determines that there was not good cause of his failure to attend, plaintiff will be afforded the administrative appeal rights outlined above.

In sum, this Court lacks subject matter jurisdiction over the claims that give rise to plaintiff's TRO Application. Accordingly, plaintiff cannot establish the likelihood of success necessary to warrant entry of the preliminary injunctive relief he seeks. Moreover, even if the Court had jurisdiction and his claim was not moot and even had plaintiff brought his application to the Court's attention in a more timely fashion, he would not have been able to demonstrate that requiring him to attend a medical exam constitutes irreparable harm.

For the reasons stated above, plaintiff's motion for a temporary restraining order and a preliminary injunction should be denied. Defendant respectfully requests the opportunity to fully brief this matter if the Court finds such briefing warranted. In addition, we respectfully request that this letter be docketed as part of the record in this action.

Thank you for your consideration of this matter.

                Respectfully,

                MICHAEL J. GARCIA
                United States Attorney

By: *[signature]*

                NEIL M. CORWIN
                Assistant United States Attorney
                Telephone: (212) 637-2707
                Facsimile: (212) 637-2730

cc:  (by electronic mail)

    GARRY RISSMAN (pro se)
    255 West 43rd Street, #602
    New York, New York 10036