```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/9/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GARRY RISSMAN,                                    07 Civ. 1010 (CM)

                Plaintiff,           ORDER TO SHOW CAUSE FOR
                                                  PRELIMINARY INJUNCTION AND
     -against-                                  TEMPORARY RESTRAINING ORDER

U.S. DEPARTMENT OF LABOR, et al,

                Defendants.
------------------------------------------------------------X

Upon the affidavits of _____Garry Rissman_____ sworn to the _____ day of _____,2008 and upon the copy of complaint hereto annexed, it is ORDERED, that the above named defendants show cause before a motion term of this court, at room_____, United States Court House, Pearl Street, in the City, County and State of New York on _____, 2008, at _____o'clock, in the _____ noon thereof, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 FRCP enjoining the Defendants during the pendency of this action from:

1) Requesting that I be scheduled to report to the referee medical examination with Dr. Paul Post at 310 Lexington Ave., NY, NY 10021, tel. 212/867-6740 on 01/07/2008 at 1:30 PM, see Exhibit 1, December 12, 2007 letter from Sheila Stanley, Medical Scheduler, U.S. Department of Labor, Office of Workers' Comp Programs. There is no conflict in medical opinion between my attending physician (see Exhibit 2) Dr. Shan Nagendra, 165 E. 32nd St., NY, NY 10016, tel. 212/726-0076 and their second opinion Dr. Irving Etkind as to *"whether a causal relationship exists between my condition and the accepted work injury"*. Therefore, there is no dispute to be determined. Please see Exhibit 3 where Dr. Etkind clearly writes three times there there is a causal relationship, see excerpts below:

    a. On page 4 under question 1: "The diagnosis and condition found on examination is herniated lumbar disc, ...which would be injury-related if the history given to me is correct. The clinical findings that support this are the postive MRIs and the positive findings on physical examination."

    b. On page 5 under question 4: "There is a disability in his low back, and it would be connected to the person's work, and this would prevent him from resuming his position that he had at the time of the injury."

    c. On page 5 under question 6: "In regard to causal relationship, the accident as described by the patient would be a direct causation of the problems that I found when I examined him."

2) Rescheduling me to see another OWCP referee doctor before February 19th, 2008 as I have sought alternative administrative relief from the Social Security Administration, which was

1

approved by the New York State Office of Temporary and Disability Assistance. Both J. Tallet, the New York State Disability Analyst and a Social Security Administration telephone representative told me that on Dec. 21st, 2007 it was sent to a federal review board for 60 days awaiting a final decision. The phone rep mailed me a letter, which I should be receiving shortly.

And it is further ORDERED, that sufficient reason having been shown, therefore, pending the hearing plaintiff's application for a preliminary injunction, pursuant to Rule 65 FRCP the defendants are temporarily restrained and enjoined from

1) Requesting that I be scheduled to report to Dr. Paul Post's referee medical examination at 310 Lexington Ave., NY, NY 10021, tel. 212/867-6740 on 01/07/2008 at 1:30 PM. See Exhibit 1, 12/12/2007 letter from Sheila Stanley, Medical Scheduler, U.S. Department of Labor, Office of Workers' Comp Programs. There is no conflict in medical opinion between my attending physician (see Exhibit 2) Dr. Shan Nagendra, 165 E. 32nd St., NY, NY 10016, tel. 212/726-0076 and their second opinion Dr. Irving Etkind as to *"whether a causal relationship exists between your condition and the accepted work injury"*. Therefore, there is no dispute to be determined. Please see Exhibit 3 where Dr. Etkind clearly writes three times there is a causal relationship:

2) Rescheduling me to see another OWCP referee doctor before February 19th, 2008 as I have sought alternative administrative relief from the Social Security Administration, which was approved by the New York State Office of Temporary and Disability Assistance. Both J. Tallet, the New York State Disability Analyst (800-522-5511 ext. 4232) and a Social Security Administration telephone representative told me that on Dec. 21st, 2007 it was sent to a federal review board for 60 days awaiting a final decision. The phone rep mailed me a letter, which I should be receiving shortly.

CONCLUSION:
Because there is no conflict of causality between the two doctors, there is no reason to send me to a third doctor for a referee exam. There is no conflict of causality for a third doctor to resolve.

And it is further ORDERED, that security in the amount of $ _____ be posted by the plaintiffs and it is further ORDERED, that personal service of a copy of this order and annexed affidavit upon the defendants or his counsel on or before _____ o'clock in the _____ noon, _____, 2008, shall be deemed good and sufficient service thereof.

DATED:
New York, New York

_____
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

GARRY RISSMAN,

                 Plaintiff,                 AFFIDAVIT

  -against-                          07 Civ. 1010 (CM)

U.S. DEPARTMENT OF LABOR, et al,
              Defendants.
------------------------------------------------------------X
STATE OF NEW YORK
COUNTY OF NEW YORK:

I, Garry Rissman, as Plaintiff in the above entitled action, representing myself pro se make the following affirmation under the penalties of perjury:

I, Garry Rissman, as plaintiff in the above entitled action, respectfully move this Court to order defendants to show cause why they should not be enjoined from the following below until a final disposition on the merits in the above entitled action:

1) Requesting that I be scheduled to report to Dr. Paul Post's referee medical examination at 310 Lexington Ave., NY, NY 10021, tel. 212/867-6740 on 01/07/2008 at 1:30 PM. See Exhibit 1, 12/12/2007 letter from Sheila Stanley, Medical Scheduler, U.S. Department of Labor, Office of Workers' Comp Programs. There is no conflict in medical opinion between my attending physician (see Exhibit 2) Dr. Shan Nagendra, 165 E. 32nd St., NY, NY 10016, tel. 212/726-0076 and their second opinion Dr. Irving Etkind as to *"whether a causal relationship exists between your condition and the accepted work injury"*. Therefore, there is no dispute to be determined. Please see Exhibit 3 where Dr. Etkind clearly writes three times there is a causal relationship:

2) Rescheduling me to see another OWCP referee doctor before February 19th, 2008 as I have sought alternative administrative relief from the Social Security Administration, which was approved by the New York State Office of Temporary and Disability Assistance. Both J. Tallet, the New York State Disability Analyst (800-522-5511 ext. 4232) and a Social Security Administration telephone representative told me that on Dec. 21st, 2007 it was sent to a federal review board for 60 days awaiting a final decision. The phone rep mailed me a letter, which I should be receiving shortly.

Unless this order is issued, I will suffer immediate and irreparable injury, loss and damage in that my monthly compensation payments of $1,734.00 (Exhibit 4) would be terminated by the OWCP.

WHEREFORE, I respectfully request that the court grant the within relief as well as such other and further relief that may be just and proper.

Sworn to before me this
___ day of Jan 2008.                Signature: _____
                                          Printed name: GARRY RISSMAN
_____
Notary Public

LOIS ROTELLA
Notary Public - State of New York
NO. 01RO6131480
Qualified in New York County
My Commission Expires 8/11/09

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

GARRY RISSMAN,                                              07 Civ. 1010 (CM)

              Plaintiff,

  -against-                                              NOTIFICATION OF THE
                                                                     RESTRAINING ORDER

U.S. DEPARTMENT OF LABOR, et al,

              Defendants.
-------------------------------------------------------------X

Garry Rissman, in compliance with Federal Rules of Civil Procedure 65 (b) has notified the defendants, the U.S. Department of Labor, with a fax of the enclosed ORDER TO SHOW CAUSE, PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER on Friday, Jan. 4th 2008. I will be waiting for the Judge's decision regarding the 1:30 PM appointment at Dr. Paul Post's office on Jan. 7th 2008. I will appear pro se in this action."

First of all I faxed the Order to Show Cause to Dr. Paul Post's office at 212-697-6414 on Friday, Jan. 4th 2008. I spoke to an office representative (Maria) who told me that she received the fax and also read that it was an Order To Show Cause. She assured me she would show it to Dr. Paul Post. The conversation was digitally recorded in case your Honor wants to hear it as proof.

Secondly, I faxed the Order to Show Cause to Dan Filor, Assistant U.S. Attorney on Friday, Jan. 4th 2008 to 212/637-2717. I left a voicemail about the fax and also told him my opinion that he should be prosecuting (instead of defending) Sheila Stanley as she has illegally and artificially claimed a conflict in the issue of causality when in reality none exists. The voicemail was digitally recorded in case your Honor wants to hear it as proof.

Lastly, I called the U.S. Department of Labor's OWCP program at 646/264-3000 on Friday, Jan. 4th 2008 and spoke to a WCA around 1:45 PM. I advised her that I will be filing the enclosed ORDER TO SHOW CAUSE and have also faxed it to the OWCP at 646/246-3006. The conversation was digitally recorded in case your Honor wants to hear it as proof.


Respectfully submitted,

Garry Rissman
Plaintiff Pro Se
255 W. 43rd St., #602
NY, NY 10036
Tel. 212/302-1467, Cell: 646/245-9839
(NOTE: calls may be monitored and recorded for quality control)
Jan. 4, 2008

3